Interim Decision #1493

## MATTER OF MUELLER

### In Deportation Proceedings

#### A-7908074

#### Decided by Board July 28, 1965

Conviction of lewd and lascivious conduct (by public and indecent exposure) in violation of section 944.20(2) of the Wisconsin Statutes is not conviction of a crime involving moral turpiture.

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted after entry for two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, to wit: lewd and lascivious conduct, committed on five occasions.

This case comes forward on appeal by the trial attorney from the order of the special inquiry officer entered May 19, 1965 ordering that proceedings be terminated.

The record relates to a native and citizen of Germany, 34 years old, male, divorced, who last entered the United States at New York, New York on or about December 6, 1950 for permanent residence. The respondent admitted, and the evidence establishes that the respondent was convicted on August 30, 1959, September 17, 1959, October 9, 1959, May 11, 1964, and July 24, 1964 for the offense of lewd and lascivious conduct by unlawfully, publicly and indecently exposing his sex organ in violation of section 944.20(2) of the Wisconsin Statutes which provides as follows:

"Whoever does any of the following may be fined not more than $500 or imprisoned not more than one year in the county jail or both:

(1) Commits an indecent act of sexual gratification with another with knowledge that they are in the presence of others; or

(2) Publicly and indecently exposes a sex organ; or

(3) Openly cohabits and associates with a person he knows is not his spouse under circumstances that imply sexual intercourse.

The respondent admitted that these offenses did not arise out of a single scheme of criminal misconduct.

268

Section 939.23, Wisconsin Statutes, provides that when criminal intent is an element of a crime in the Criminal Code, such intent is indicated by the term "intentionally", the phrase "with intent to," the phrase "with intent that," or some form of the verbs "know" or "believe". Paragraph (2) of section 944.20, Wisconsin Statutes, does not contain any of these words or phrases.

Most statutory crimes require criminal intent. But because of the complicated nature of modern society, the legislatures of the states have found it necessary in order to protect the public safety and welfare, to pass laws which make the mere performances of certain prohibited acts, or the failure to perform other commanded acts, unlawful, regardless of the actor's intention. The acts defined as public welfare offenses are usually not *malum in se* but are wrong merely because they are prohibited by statute.[1]

The term "moral turpitude" within the deportation statute is an act of baseness, vileness, or depravity in the private and social duties owing to fellow men, or society in general, contrary to accepted and customary rules.[2] Moral turpitude is dependent upon the depraved or vicious motive of the alien. It is in the intent that moral turpitude inheres.[3] A crime, committed without contemplating death, without malice, and without intent, and ordinarily committed while engaged in a lawful act but committed through carelessness or because of the absence of due caution or circumspection does not include an evil intent and therefore does not involve moral turpitude.[4]

The crime under consideration, section 942.20(2), Wisconsin Statutes, does not require a specific intent and it does not appear that it is essential that the defendant have a vicious motive or corrupt mind. All that appears to be necessary for conviction under the statute is that the act be done consciously. There is nothing in the complaint indicating the circumstances under which the indecent exposure was made. The special inquiry officer has stated that a person who does the forbidden act through physical necessity could be convicted under the statute, even though he had no lewd or lascivious intent.

The trial attorney suggests that section 939.47, Wisconsin Statutes, which provides that the presence of the natural physical forces which causes the actor reasonably to believe his act is the

---

[1] Sloane, W.J. 26 *Marquette Law Review* 92 (1942).

[2] 27A *Words and Phrases* 192.

[3] *Monthly Review, I. & N. Service*, Crimes Involving Moral Turpitude, p. 5 (March 1944) ; *U.S. ex rel Meyer v. Day*, 54 F.2d 330 (2nd Cir.) 1931.

[4] *Mongiovi v. Karnuth*, 30 F.2d 825 (W.D.N.Y. 1929).

only means of preventing imminent public disaster or imminent death or great bodily harm to himself. or another and which causes him so to act, is a defense to prosecution for any crime based upon that act. It is believed that the trial attorney's application of this section to the crime is erroneous and that the section in question refers to emergency or reflex actions to counteract or avoid the events set forth in that section.

It is not believed that the specification in the Wisconsin Statute of the particular organ is a significant departure from other statutes which do not so specify, inasmuch as generally the private parts or organs are involved. The attempt to distinguish this case from *Matter of H—*, 7 I. & N. Dec. 301, which involved a knowing open or indecent exposure of the person, appears to be a distinction without a difference.[5]

The statute in question, section 944.20(2), Wisconsin Statutes, does not require a specific intent, a criminal intent or any intent whatsoever. The mere performance of the act is prohibited and made unlawful regardless of the actor's intention. A person may be convicted under the statute even though the act was done carelessly, or with absence of due caution or circumspection. The offense is not one which is *malum in se*. It is concluded that the offense involved herein does not involve moral turpitude. The appeal of the trial attorney will be dismissed and the order of the special inquiry officer will be affirmed.

ORDER: It is ordered that the appeal of the trial attorney be and the same is hereby dismissed.

*It is further ordered* that the order of the special inquiry officer entered May 19, 1965 that the proceedings be terminated be and the same is hereby affirmed.

---

[5] Cf *Matter of P—*, 2 I. & N. Dec. 117; *Matter of M—*, 3 I. & N. Dec. 272, p. 274, where a differentiation was made between an act merely accompanied by negligence or carelessness and one done maliciously and wantonly.